

JCC/GDB: USAO 2018R00597

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 OCT -2  A 11: 13

CLERK'S OFFICE
AT GREENBELT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX 19cr448 |
| | * | |
| OSAKWE ISMAEL OSAGBUE, | * | (Mail Fraud, 18 U.S.C. § 1341; |
| | * | Aggravated Identity Theft, 18 U.S.C. |
| Defendant | * | § 1028A(a)(1); Aiding and Abetting, |
| | * | 18 U.S.C. § 2; Forfeiture, 18 U.S.C. |
| | * | § 981(a)(1)(C), 21 U.S.C. § 853, |
| | * | 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INFORMATION

### COUNT ONE
**(Mail Fraud)**

The United States Attorney for the District of Maryland charges that:

**Introduction**

At all times relevant to this Information:

1. Defendant **OSAKWE ISMAEL OSAGBUE ("OSAGBUE")** maintained addresses in Maryland, Georgia, and California.

2. Point of sale ("POS") terminals were devices that allowed merchants to conduct payment card, including debit and credit card, transactions by reading the payment card's magnetic strip or chip as the card was swiped or inserted through the POS terminal. Mobile POS terminals allowed merchants to process payment card transactions through a device attached to and application downloaded to a mobile device, such as a smartphone or tablet.

3. Square, Inc. ("Square"), was a merchant services provider that offered mobile POS terminals, called Square tokens, and mobile POS software, called the Square application, to

merchants. A Square token was a physical magnetic strip or chip reader that a merchant could attach to a mobile device, connecting to the Square application. The Square token could then be used as a POS terminal to conduct payment card transactions. A Square token was linked to a bank account to receive the proceeds of the transactions conducted using that token.

4. J.P. Morgan Chase Bank, N.A. ("Chase"), was a financial institution that, among other things, issued credit cards to individuals and businesses in the District of Maryland and elsewhere.

5. Victim 1 was a resident of Maryland.

### The Scheme to Defraud

6. From in or about December 2016 through at least in or about December 2018, in the District of Maryland and elsewhere, the defendant,

**OSAKWE ISMAEL OSAGBUE,**

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises ("the scheme to defraud").

### Manner and Means of the Scheme to Defraud

It was part of the scheme to defraud that:

7. **OSAGBUE** obtained Chase-issued credit cards in the names of other individuals and businesses, without the knowledge or consent of these individuals or businesses.

8. **OSAGBUE** caused Chase to send, through the United Parcel Service ("UPS"), replacement credit cards to addresses in the District of Maryland and elsewhere.

9. **OSAGBUE** used the Chase-issued replacement credit cards to conduct unauthorized transactions through Square tokens so that the proceeds of these transactions would

be deposited into various Bank of America accounts, which **OSAGBUE** had opened using the names of other individuals and companies.

10. **OSAGBUE** caused the proceeds of the unauthorized transactions conducted through the Square tokens to be deposited into the various Bank of America accounts linked to the Square tokens.

11. **OSAGBUE** withdrew funds from the Bank of America accounts into which the proceeds of the unauthorized transactions were deposited.

12. **OSAGBUE** concealed and attempted to conceal the scheme to defraud by, among other things, making it appear that the unauthorized transactions were being conducted by legitimate merchants, such as plastic surgery centers, and altering the global positioning system ("GPS") location information for transactions conducted through the Square tokens.

### The Charge

13. On or about August 15, 2017, in the District of Maryland and elsewhere, **OSAGBUE**, for the purpose of executing and attempting to execute the scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, did knowingly cause to be delivered by mail and by private and commercial interstate carrier any matter and thing, namely, a replacement payment card, ending in card number 3764, issued by Chase using the name of Victim 1, delivered by UPS to an address in Hyattsville, Maryland.

18 U.S.C. § 1341

## COUNT TWO
### (Aggravated Identity Theft)

The United States Attorney for the District of Maryland further charges that:

1. Paragraphs 1 through 5 and 7 through 12 of Count One of this Information are incorporated here.

2. On or about August 15, 2017, in the District of Maryland, the defendant,

**OSAKWE ISMAEL OSAGBUE,**

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)—that is a violation of 18 U.S.C. § 1341 as charged in Count One of this Information and incorporated here—knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is, the name and Chase payment card number of Victim 1.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Count One of this Information.

2. Upon conviction of the offense set forth in Count One, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant,

**OSAKWE ISMAEL OSAGBUE,**

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, including, but not limited to, at least $1,350,632.24.

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States of America, pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

10/02/2019
Date

Robert K. Hur
United States Attorney