THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| Plaintiff, | * | |
| v. | | Case No.: PX 19-448 |
| | * | |
| **OSAKEW ISMAEL OSAGBUE,** | | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

Defendant Osakew Ismael Osagbue is currently in the custody of the Federal Bureau of Prisons serving a sentence for committing a wide-ranging fraud and aggravated identity theft. Pending before the Court is Osagbue's pro se motion for compassionate release brought pursuant to 18 U.S.C. § 3582(c) and in light of the COVID-19 pandemic. ECF No. 51. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, the motion is denied without prejudice so that Osagbue may first request relief from the Warden at his place of confinement, as required under 18 U.S.C. § 3582(c).

**I.   BACKGROUND**

On October 16, 2019, Osagbue pleaded guilty pursuant to mail fraud and aggravated identify theft arising from his execution of a sophisticated fraud scheme that caused over one million dollars in loss. ECF No. 34. On January 17, 2020, the Court sentenced Osagbue to 24 months imprisonment on the fraud count, followed by a mandatory 24-month consecutive sentence on the aggravated identity theft count, for a total term of 48 months' incarceration. ECF No. 47.

On April 20, 2020, Osagbue filed his motion for compassionate release in light of the COVID-19 pandemic. ECF No. 51. The Government filed a response on April 22, 2020. ECF No. 52.

## II.   DISCUSSION

The Court's power to modify a sentence as Osagbue requests is governed exclusively by 18 U.S.C. § 3582. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (stating that a court "may not modify a term of imprisonment once it has been imposed" unless expressly permitted by statute); *see also United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009) ("[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to [§ 3582's] general rule [barring modification].").

Section 3582(c) provides that a court "may not modify a term of imprisonment once it has been imposed," except under certain limited circumstances.  These circumstances include where "extraordinary and compelling reasons warrant such a reduction" or where modification is "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. §§ 3582(c)(1)(A)(i), (B). Where a court modifies a sentence based on "extraordinary and compelling reasons" akin to the relief Osagbue seeks, it can only do so "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* § 3582(c)(1)(A). The statutory language is plain that this Court can entertain a defendant's motion only after the thirty-day waiting period or after defendant has exhausted all administrative rights, whichever is earlier.

Osagbue has not petitioned the Warden for relief.  *See* ECF No. 51.  Thus, the Court cannot consider the petition without Osagbue first taking such steps. *See, e.g., United States v. Johnson,* RDB-14-441 (D. Md. Apr. 3, 2020) (Bennett, J.) (exhaustion under Section 3582(c)(2) is mandatory)*; United States v. Underwood,* TDC-18-201, at 3 (D. Md. Apr. 10, 2020) (Chuang, J.) (same)*; United States v. Price*, GJH-15-393, at 3-4 (D. Md. Apr. 7, 2020) (Hazel, J.) (same).

This remains true even wholly crediting that the COVID-19 pandemic may contribute to "extraordinary and compelling reason[s]" to modify a sentence under appropriate circumstances.

Accordingly, before Osagbue's petition may be addressed, he must first show he has either exhausted administrative remedies by appealing the Bureau of Prison's failure to bring a motion on his behalf or that the thirty-day statutory waiting period has passed since he submitted such a request to the warden of his facility.  *See* 18 U.S.C. § 3582(c)(1)(A).  Osagbue's motion must be denied, albeit without prejudice to refile the petition once he has complied with the prerequisites set forth in 18 U.S.C. § 3582(c)

### III.  CONCLUSION

For the foregoing reasons, it is ordered by the United States District Court for the District of Maryland that Emergency Motion for Compassionate Release, ECF No. 51, is DENIED without prejudice to refile upon compliance with 18 U.S.C. § 3582(c)(1)(A).  The Clerk is directed to MAIL a copy of this Opinion and Order to Osabugue at his place of confinement.

Date: <u>April 22, 2020</u>                                      <u>         /S/         </u>
                                                                 PAULA XINIS
                                                                 United States District Judge